IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIELI CORUS, INC.,                )
                                    )
        Movant,                     )
                                    )
    vs.                             )   Civil Action No. 09-78
                                    )
ATSI, INC.,                         )
                                    )
        Respondent.                 )

**MEMORANDUM OPINION**

**I. INTRODUCTION**

Danieli Corus, Inc. ("Danieli Corus") initiated this civil action by filing a motion to confirm an arbitration award pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. In response, ATSI, Inc. ("ATSI") filed a cross-motion to vacate, modify and confirm portions of the arbitration award pursuant to Sections 9 through 11 of the FAA. 9 U.S.C. §§ 9-11.[1] For the reasons set forth below, the motion of Danieli Corus to confirm the arbitration award will be granted, and the cross-motion of ATSI will be denied to the extent ATSI seeks vacatur and modification of a portion of the arbitration award and granted to the extent ATSI seeks confirmation of portions of the arbitration award.

---

[1]The FAA provides for expedited judicial review to confirm, vacate or modify an arbitration award.

1

## I. BACKGROUND

Pirson Contractors, Inc. ("Pirson") was the general contractor on a project to reline a blast furnace at United States Steel's Gary Works in Gary, Indiana during 2005 and 2006 ("the furnace Project"). Pirson entered into a subcontract with Danieli Corus to supply engineering and procurement services on the furnace Project. In turn, on August 30, 2005, Danieli Corus entered into a subcontract (Purchase Order Agreement No. 2B05080 U-124) with ATSI pursuant to which ATSI was to provide certain engineering services on the furnace Project.[2] (Doc. No. 1, Exh. A). Under Article 19 of the Special Conditions which were incorporated into the subcontract between Danieli Corus and ATSI, any dispute arising out of the subcontract was subject to binding arbitration in accordance with the rules of the American Arbitration Association ("AAA").[3] (Doc. No. 1, Exh. B).

Numerous problems arose during the furnace Project, resulting in two separate arbitrations - an arbitration initiated

---

[2]The maximum value of the subcontract between Danieli Corus and ATSI was $5,654,000.

[3]Article 19 provided in relevant part:

19.2 Any dispute arising from or related to the present Agreement will be submitted exclusively to binding arbitration under the commercial rules of the American Arbitration Association, and resolved definitively in accordance with the rules of the American Arbitration Association and the governing law of this contract....

(Doc. No. 1, Exh. B).

2

by Pirson against Danieli Corus ("the Pirson Arbitration") and an arbitration initiated by ATSI against Danieli Corus ("the ATSI Arbitration").[4] On October 8, 2008, the arbitrators in the Pirson Arbitration issued an award in favor of Pirson and against Danieli Corus in the amount of $1,829,864.[5] (Doc. No. 12-3). Thereafter, on November 12, 2008, Danieli Corus filed a complaint for interpleader in the Superior Court for the County of Lake in Gary, Indiana, and paid into the court the sum of $1,829,864 awarded to Pirson in the Pirson arbitration due to "multiple and conflicting claims" to the award. (Doc. Nos. 12-6 and 12-7).

In connection with the furnace Project, AIG Commercial Insurance Company of Canada ("AIG") issued a policy of insurance to Danieli Corus which provided coverage for errors and omissions/professional liability in the amount of $5 million ("AIG's E&O policy"). Pursuant to AIG's E&O policy, AIG paid

---

[4]ATSI filed a Demand for Arbitration on July 26, 2006, seeking damages for breach of contract based on Danieli Corus's failure to pay ATSI for work performed on the furnace Project. (Doc. No. 1, Exh. C). In response, Danieli Corus asserted counterclaims against ATSI, including a breach of contract claim based on ATSI's failure to name Danieli Corus as an additional insured on its errors and omissions/professional liability insurance policy for the furnace Project ("ATSI's E&O policy") as required by the parties' subcontract.

[5]Danieli Corus asserted counterclaims in the Pirson Arbitration for unpaid invoices, additional services, vendor payments and change notices. However, Danieli Corus did not prevail on any of its counterclaims against Pirson. (Doc. No. 12-3).

3

$3,259,684 to Danieli Corus for attorney and arbitration fees and costs incurred by Danieli Corus in the Pirson Arbitration. The remaining balance of AIG's E&O policy limit, or $1,740,316, was ultimately paid to Danieli Corus by AIG with respect to the $1,829,864 in damages awarded to Pirson in the Pirson Arbitration. Thus, all but $89,548 of the damages awarded in favor of Pirson and against Danieli Corus was paid by AIG. In light of Danieli Corus's receipt of the full benefit of AIG's E&O policy, on November 26, 2008, Danieli Corus executed a full and final release in favor of AIG with regard to any further claims for coverage under AIG's E&O policy. (Doc. No. 12-8).

On January 14, 2009, the arbitrators in the ATSI Arbitration issued an award which resulted in a net recovery by Danieli Corus in the amount of $504,499. Specifically, ATSI was awarded $1,184,084 in damages against Danieli Corus, consisting of (a) $987,986 for the balance due on the parties' subcontract, (b) $189,685 for change order requests and (c) $6,413 for unpaid procurement assistance, and Danieli Corus was awarded $1,688,583 in damages against ATSI, consisting of (a) $76,653 in engineering and field services errors, (b) $1,243,130 for the portion of the attorney and arbitration fees and costs incurred by Danieli Corus in the Pirson Arbitration which would have been covered by ATSI's E&O policy if it had not breached the parties' subcontract by

failing to name Danieli Corus as an additional insured[6] and (c) $368,800 for the portion of the damages awarded in favor of Pirson and against Danieli Corus that would have been covered by ATSI's E&O policy.[7] (Doc. No. 1, Exh. D, Doc. No. 12-2).

On January 20, 2009, Danieli Corus filed the present motion to confirm the award in the ATSI Arbitration.[8] (Doc. No. 1).

---

[6]In its counterclaim against ATSI, Danieli Corus sought $3,188,649 for attorney and arbitration fees and costs incurred in the Pirson Arbitration which consisted of 21 line items. The arbitrators concluded, however, that certain line items were not customary in AAA proceedings under AAA rules and that certain fees and costs would have been incurred by Danieli Corus even if it had been named as an additional insured on ATSI's E&O policy for the furnace Project, i.e., the fees and costs incurred by Danieli Corus to prosecute its counterclaims against Pirson. Accordingly, the arbitrators reduced the requested attorney and arbitration fees and costs related to the Pirson Arbitration to $1,243,130. (Doc. No. 12-2, pp. 9-11).

[7]In the ATSI Arbitration, Danieli Corus sought to recover the entire amount of damages awarded to Pirson in the Pirson Arbitration, or $1,829,864, consisting of $148,104 for extended site overhead, $1,208,542 for excess procurement costs, $252,522 for quality control errors and $220,696 for design errors. The arbitrators declined to award damages to Danieli Corus for excess procurement costs and quality control errors based on their conclusion that those claims would not have been covered by ATSI's E&O policy. Thus, Danieli Corus's claim for $1,829,864 was reduced to $368,800 for the extended site overhead and design errors which the arbitrators concluded would have been covered by ATSI's E&O policy. (Doc. No. 12-2, pp. 11-12).

[8]In its memorandum of law in support of the motion to confirm the arbitration award, Danieli Corus notes that it was not "happy" with the arbitrators' award, believing that "it was entitled to millions of dollars more in counterclaim damages...." Nevertheless, Danieli Corus filed the motion to confirm based on its recognition that it was contractually bound to honor the arbitration award; that there is a strong presumption in favor of the enforcement of arbitration awards; that the standard of review of arbitration awards is deferential; and that "at least"

5

ATSI filed its cross-motion to vacate, modify and confirm portions of the arbitration award three weeks later, seeking (1) vacatur of the $1,611,930 awarded to Danieli Corus in connection with the Pirson Arbitration based on ATSI's breach of the parties' subcontract,[9] (2) modification of the arbitration award to reflect the damages that ATSI maintains Danieli Corus actually incurred in connection with the Pirson Arbitration or $89,548, (3) confirmation of the $1,184,084 awarded to ATSI and (4) confirmation of the $76,653 awarded to Danieli Corus for engineering and field services errors.[10]

## III. STANDARD OF REVIEW

Review of an arbitration award is "extremely deferential." Dluhos v. Strasberg, 321 F.3d 365, 370 (3d Cir.2003). In reviewing an arbitration award, courts "do not sit to hear claims of factual or legal error by an arbitrator as an appellate court

---

a rational basis existed for the arbitrators' award. (Doc. No. 18, p. 3).

[9]Although ATSI does not agree with the arbitrators' determination that its failure to name Danieli Corus as an additional insured on its E&O policy for the furnace Project was a breach of the parties' subcontract, ATSI does not challenge this decision. Rather, ATSI's challenge to the arbitrators' award is limited to the amount of damages awarded to Danieli Corus in connection with the Pirson Arbitration.

[10]If granted in its entirety, ATSI's cross-motion to vacate, modify and confirm portions of the arbitration award would result in a net recovery in its favor in the amount of $1,017,883, rather than a net recovery in favor of Danieli Corus in the amount of $504,499.

6

does in reviewing decisions of lower courts." The Major League Umpires Ass'n v. The American League of Professional Baseball Clubs, 357 F.3d 272, 280 (3d Cir.2004)(quoting Tanoma Mining Co. v. Local Union No. 1269, United Mine Workers of America, 896 F.2d 745, 747 (3d Cir.1990)). Rather, arbitration awards enjoy a strong presumption of correctness that may be overcome only in certain limited circumstances. Id.

## IV. DISCUSSION

Under the FAA, a district court must confirm an arbitration award unless the award is vacated, modified or corrected. 9 U.S.C. § 9. An arbitration award may be vacated by a district court only if one of the following grounds for vacatur set forth in Section 10 of the FAA is found to exist: (1) the award was procured by corruption, fraud or undue means; (2) there was evident partiality or corruption in the arbitrators; (3) the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy or of any other misbehavior by which the rights of any party have been prejudiced or (4) the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made. 9 U.S.C. § 10.

Similarly, a district court may modify or correct an arbitration award only if one of the following grounds set forth

7

in Section 11 of the FAA is found to exist: (1) there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award; (2) the arbitrators awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted or (3) the award is imperfect in matter of form not affecting the merits of the controversy. 9 U.S.C. § 11.

**Motion to Modify Arbitration Award**

A review of the cross-motion to modify filed by ATSI in this case shows that ATSI is not seeking a modification of the arbitrators' award based on any of the grounds for modification set forth in Section 11 of the FAA. Rather, the relief sought by ATSI is vacatur of a substantial portion of the damages awarded by the arbitrators to Danieli Corus in connection with the Pirson Arbitration. Under the circumstances, ATSI's cross-motion to modify the arbitration award under Section 11 of the FAA will be denied.

**Motion to Vacate Arbitration Award**

i

As to ATSI's cross-motion to vacate a portion of the arbitration award, ATSI maintains the evidence presented to the arbitrators established that the actual damages sustained by Danieli Corus in connection with the Pirson Arbitration were

8

limited to $89,548, or the amount of damages awarded to Pirson which exceeded the limit of AIG's E&O policy, and, as a result, were paid by Danieli Corus rather than AIG. Thus, ATSI seeks vacatur of $1,552,382 of the $1,611,930 awarded to Danieli Corus with regard to the Pirson Arbitration.

In support of its cross-motion to vacate, ATSI contends that the arbitrators exceeded their authority in awarding damages in excess of the actual damages ($89,548) sustained by Danieli Corus in connection with the Pirson Arbitration, and, therefore, the excess damages ($1,552,382) should be vacated under Section 10(a)(4) of the FAA. ATSI also contends that the arbitrators' award to Danieli Corus exceeding the actual damages incurred in the Pirson Arbitration should be vacated on "recognized additional, non-statutory bases" (Doc. No. 17, p. 8); namely, the award is "completely irrational," the award is "entirely unsupported by the record," and the award violates the public policy of the Commonwealth of Pennsylvania because it results in a windfall to Danieli Corus. (Doc. No. 12, pp. 2-3).

**ii**

Turning first to the non-statutory grounds cited by ATSI in support of its cross-motion to vacate a portion of the arbitration award, the Court declines to consider these grounds because to do so would contravene the clear holding of the Supreme Court in <u>Hall Street Associates, L.L.C. v. Mattel, Inc.</u>,

9

\_\_ S.Ct. \_\_, 128 S.Ct. 1396 (2008)(The grounds stated in the FAA for vacating an arbitration award address egregious departures from the parties' agreed-upon arbitration and constitute the exclusive grounds for expedited vacatur of an arbitration award pursuant to the provisions of the FAA).

In its memorandum of law in support of the cross-motion to vacate a portion of the arbitration award, ATSI failed to acknowledge the Supreme Court's decision in Hall Street, citing, instead, cases of the Court of Appeals for the Third Circuit which were decided before Hall Street to support vacatur on non-statutory grounds. (Doc. No. 17, pp. 8-9). In response to Danieli Corus's argument that Hall Street precludes consideration of any non-statutory ground for vacatur of an arbitration award under the FAA, ATSI, in its reply brief, cites several appellate decisions that continue to recognize "manifest disregard of the law" as a basis for vacating an arbitration award despite the Supreme Court's decision in Hall Street. See Stolt-Nielsen SA v. Animalfeeds Int'l Corp., 548 F.3d 85 (2d Cir.2008)(Hall Street did not abrogate the "manifest disregard of the law" doctrine altogether); Comedy Club, Inc. v. Improv West Assocs., 553 F.3d 1277 (9th Cir.2009)(Following Hall Street, an arbitrator's manifest disregard of the law remains a valid ground for vacatur of an arbitration award in this circuit). (Doc. No. 22, p. 8).

10

As noted by the Court of Appeals for the Fifth Circuit in Citigroup Global Markets, Inc. v. Bacon, 562 F.3d 349 (5th Cir. 2009), however, in ruling that manifest disregard of the law remained a valid ground for vacatur of an arbitration award under the FAA following Hall Street, both the Second Circuit and the Ninth Circuit considered manifest disregard of the law as encompassed within Section 10(a)(4) of the FAA, rather than an independent non-statutory ground for vacating an arbitration award. Specifically, the Fifth Circuit noted the Second Circuit in Stoltz-Nielsen recognized that Hall Street's holding was in direct conflict with application of manifest disregard as a non-statutory ground for review of an arbitration award, but resolved the conflict by recasting manifest disregard as a shorthand for § 10(a)(4) of the FAA. As to Comedy Club, the Fifth Circuit observed that the Ninth Circuit concluded that Hall Street did not abolish manifest disregard because its case law defined manifest disregard as shorthand for § 10(a)(4) of the FAA. 562 F.3d at 356. Thus, neither Stoltz-Nielsen nor Comedy Club support the continued validity of non-statutory grounds for vacating an arbitration award under the FAA following Hall Street.

### iii

As to ATSI's ground for vacating a portion of the arbitration award under Section 10 of the FAA, i.e., that the

11

arbitrators exceeded their authority with regard to the damages awarded to Danieli Corus as a result of the Pirson Arbitration, ATSI notes that the issues submitted to the arbitrators were limited to alleged breaches of the parties' subcontract. In awarding damages to Danieli Corus relating to the Pirson Arbitration that were paid by AIG, ATSI maintains that the arbitrators "essentially" ruled on a subrogation claim that was not before them, thereby exceeding their authority. (Doc. No. 17, pp. 9-10). See Metromedia Energy, Inc. v. Enserch Energy Services, Inc., 409 F.3d 574,578 (3d Cir.2005)(citing Matteson v. Ryder Sys. Inc., 99 F3d 108, 114 (3d Cir. 1996))(Arbitration is a creature of contract, and an arbitration panel has the authority to decide only the issues that have been submitted for arbitration by the parties). After consideration, the Court finds this argument unpersuasive.

As noted earlier, courts do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts. Major League Umpires, 357 F.3d at 280. ATSI seeks to avoid this well established principle by framing its objection to the arbitrators' award to fall within Section 10(a)(4) of the FAA, namely, the arbitrators decided a subrogation issue not before them, and, therefore, acted outside the scope of their authority. In fact, ATSI's objection is no more than a claim that the

arbitrators erred in interpreting Pennsylvania law with respect to the damages recoverable by Danieli Corus as a result of ATSI's failure to name Danieli Corus as an additional insured on its E&O policy. Specifically, ATSI contends that Pennsylvania law precludes the arbitrators' award of the damages paid by Danieli Corus's insurer, AIG, in connection with the Pirson Arbitration, while Danieli Corus has cited several Pennsylvania cases supporting the award of these damages. See Boiler Engineering Supply Co., Inc. v. General Controls, Inc., 277 A.2d 812 (Pa.1971)("[W]e ... hold that an indemnitee may recover attorney's fees and costs from the indemnitor notwithstanding the fact that these expenses have already been paid by the indemnitee's insurance carrier."); Borough of Wilkinsburg v. Trumbell-Denton Joint Venture, 568 A.2d 1325 (Pa.Super.1990)("We do not agree with appellant's premise that appellant should be excused of its obligations under the contract merely because an insurance company was the ultimate payor of appellant's obligation.... "[T]he fortuitous circumstance of additional insurance cannot, in good conscience, permit appellant to avoid its duties under its contract). (Doc. No. 18, pp. 12, 17-19). Simply put, even if ATSI's interpretation of Pennsylvania law were correct, which the Court declines to address, an error by

the arbitrators in applying the law is not a sufficient ground for vacating the arbitration award under the FAA."

iv

Based on the foregoing, Danieli Corus's motion to confirm the arbitration award will be granted, and ATSI's cross-motion will be denied to the extent it seeks to vacate and modify a portion of the arbitration award and granted to the extent it seeks confirmation of portions of the arbitration award.

*William L. Standish*
William L. Standish
United States District Judge

Date: May 29, 2009

---

"The issue of the damages recoverable by Danieli Corus in connection with the Pirson Arbitration in light of AIG's payment of a significant portion of those damages was raised by ATSI during the arbitration. In response to ATSI's position, Borough of Wilkinsburg and Boiler Engineering Supply were cited by Danieli Corus in its post-arbitration brief and reply to ATSI's post-arbitration brief which were submitted to the arbitrators after the conclusion of the lengthy hearing and prior to the issuance of the award. (Doc. No. 18-4, pp. 9-10, Doc. No. 18-5, pp. 5, 8). Although the arbitrators did not specifically address this issue in their award, it may inferred from the decision that ATSI's position was rejected. In any event, the Pennsylvania cases cited by Danieli Corus in response to ATSI's objection to an award of the damages paid by AIG in connection with the Pirson Arbitration provide a rational basis for the arbitrators' award.